PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY RAMOS,

                              Plaintiff,                  Case # 18-CV-6246-FPG

v.                                                                 DECISION AND ORDER

RICHARD HY, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Gregory Ramos, a prisoner confined at the Niagara County Jail,[1] brings this action against Officer Richard Hy, Officer John Beyer, and Captain Amber Beyer for alleged violations of his civil rights when he was arrested on August 14, 2015. *See* 42 U.S.C. § 1983.

The Court previously granted Plaintiff's *in forma pauperis* motion, screened his Complaint under 28 U.S.C. §§ 1915(e) and 1915(A), dismissed his claims against the Buffalo Police Department with prejudice, and dismissed other claims with leave to amend. ECF No. 9. Plaintiff has since filed an Amended Complaint and a Motion to Appoint Counsel. ECF Nos. 20, 21.

For the reasons that follow, Plaintiff's excessive force claim may proceed against Officers Hy and Beyer, but the Court dismisses his other claims with prejudice and denies his Motion to Appoint Counsel.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted).

---

[1] The Court reminds Plaintiff that he must keep a current address on file with the Clerk of Court and that every time his address changes he must notify the Court immediately in writing or his case could be dismissed with prejudice. *See* Loc. R. Civ. P. 5.2(d).

The court must dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will give a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quotation marks omitted). But the court can deny leave to amend pleadings when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). "Specific facts are not necessary" and a plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quotation marks and citation omitted). The court must liberally construe *pro se* pleadings, "particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

To state a valid § 1983 claim, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

## II. Plaintiff's Claims

In relation to his 2015 arrest, Plaintiff alleges that: (1) Defendants used excessive force against him; (2) Defendants denied him medical care for an injury he suffered during the arrest; (3) Defendants falsely arrested and maliciously prosecuted him; and (4) Defendants failed to protect him from the violation of his constitutional rights. ECF No. 20.

According to Plaintiff, on August 14, 2015, Officers Hy and Beyer followed him in their patrol car for two blocks before turning on their sirens. *Id.* at 5. Plaintiff feared for his life and continued driving to avoid the officers. *Id.* Other patrol cars joined in the pursuit and eventually stopped, but Officers Hy and Beyer "attempted to ram [Plaintiff's] vehicle over a school curb." *Id.* Plaintiff ran to a nearby property, and Officers Hy and Beyer drove their patrol car into a fence "to run [Plaintiff] over" and then "attacked [him] on the ground." *Id.* Captain Amber Beyer[2] had arrived on the scene by then. *Id.*

After onlookers told Defendants that they were being recorded, they allegedly dragged Plaintiff to the backyard and threw him into a police car. ECF No. 20 at 5-6. While Plaintiff screamed for help, Captain Beyer told him that "if [his] eyeball falls out [then] she would tape it to [his] face and that would be the only medical attention [he] would receive." *Id.* at 6. At booking, Officer Beyer lied and said that Plaintiff was in a car accident. *Id.* At a later court date, Officer Beyer and Captain Beyer "appeared and lied." *Id.*

### A. Excessive Force

Plaintiff alleges that Defendants used excessive force to effectuate his arrest. "The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F. 3d 90, 96 (2d Cir. 2010). To

---

[2] Plaintiff's Amended Complaint also refers to Amber Beyer as "Lt. Beyer." For consistency's sake, the Court refers to her as "Captain" as reflected in the caption of this case.

determine whether the amount of force use exceeded the amount that was necessary under the circumstances, a court considers whether the force was reasonable at the time of the arrest. *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (citation omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Id.* at 246 (citation and emphasis omitted).

Courts keep in mind that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Plumhoff v. Rickard*, 572 U.S. 765, 775 (2014) (citation omitted). High speed pursuits often justify applications of force to end the chase and protect public safety. *See, e.g.*, *id.* at 775-77.

Plaintiff's excessive force claim may proceed against Officers Hy and Beyer. While the Fourth Amendment generally supports a broad use of force to end a chase like the one Plaintiff describes, Plaintiff's allegations, including that he was attacked once he was on the ground and after the chase had ended, are sufficient to state a claim.

### B.     Denial of Medical Care

Plaintiff fails to state a denial of medical care claim because he does not describe any injury that he sustained or indicate what treatment Defendants denied him.

Although the Second Circuit has not yet reached the issue, district courts in this circuit have analyzed pre-arraignment arrestee denial of medical care claims under the Fourth Amendment.[3] *See Burks v. Perrotta*, No. 13-CV-5879 (ER), 2015 WL 2340641, at *23 (S.D.N.Y.

---

[3] Under either the Fourth or Fourteenth Amendment standard, Plaintiff fails to state a claim upon which relief can be granted.

May 15, 2015); *Lewis v. Clarkstown Police Dep't*, No. 11 CIV. 2487 (ER), 2014 WL 6883468, at *5-6 (S.D.N.Y. Dec. 8, 2014).  The same "objective reasonableness" standard discussed above applies in analyzing denial of medical care claims in this context.  *Freece v. Young*, 756 F. Supp. 699, 701 (W.D.N.Y. 1991).

The Seventh Circuit has articulated four factors relevant in assessing whether an officer's denial of medical care was objectively unreasonable: (1) the officer's knowledge of the arrestee's medical need "by word . . . or through observation of the arrestee's physical symptoms"; (2) the seriousness of the arrestee's medical need; (3) the scope of the arrestee's requested treatment; and (4) the law enforcement interests in denying care, including "administrative, penological, or investigatory concerns."  *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007); *see also Irizarry v. Dowling*, No. 3:15CV01400(HBF), 2018 WL 4629187, at *12-13 (D. Conn. Sept. 27, 2018); *Burks*, 2015 WL 2340641, at *8; *Lewis*, 2014 WL 6883468, at *7 (analyzing Fourth Amendment denial of medical care claims under the Seventh Circuit's *Williams* factors).

Plaintiff's denial of medical care claims must be dismissed because his allegations are conclusory.  Plaintiff generally alleges that Officers Beyer and Hy attacked him and that Captain Beyer commented that she would not give him proper medical attention.  ECF No. 20 at 5-6.  Plaintiff does not allege any injuries that he suffered during the arrest or a need for medical attention.  Accordingly, the Court dismisses Plaintiff's denial of medical care claim because he fails to state a claim upon which relief can be granted.

    **C.**    **False Arrest and Malicious Prosecution**

Plaintiff alleges that Officers Beyer and Hy falsely arrested him, and that he was later maliciously prosecuted based on lies that Officer Beyer and Captain Beyer told in court.  These claims must be dismissed because Plaintiff does not plead sufficient facts to state a claim.

5

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quotation marks and citations omitted).

### 1. False Arrest

Plaintiff's false arrest claim must be dismissed because his admitted flight created probable cause to arrest him. To state a § 1983 false arrest claim, the plaintiff must allege: "(1) the defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Dzwoncyzk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 264 (N.D.N.Y. 2008) (citations omitted). When an arresting officer has probable cause, "the confinement is otherwise privileged." *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 419 (S.D.N.Y. 2002). An officer has probable cause when he or she has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). Probable cause is a complete defense to a false arrest claim. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quotation marks and citation omitted).

A plaintiff need not necessarily plead a "want of probable cause" in his complaint to state a false arrest claim. *Case v. City of New York*, 233 F. Supp. 3d 372, 384 (S.D.N.Y. 2017) (citation omitted). Indeed, a warrantless arrest ordinarily raises a rebuttable "presumption . . . that the plaintiff's arrest was unlawful." *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007). But a party's flight from the police after a lawful order to stop can generate probable cause. *See, e.g.*, *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 256 (N.D.N.Y. 2014) (noting that plaintiff's

"immediate flight" from police heightened their reasonable suspicion that he was a criminal suspect); *United States v. Martinez-Gonzalez*, 686 F.2d 93, 100 (2d Cir. 1982) (holding that "probable cause to arrest [defendant] . . . arose once [he] turned [from approaching officers] and fled").

Accordingly, because Plaintiff's allegations reveal that Defendants had probable cause to arrest him, Plaintiff cannot state a false arrest claim and therefore the Court dismisses it with prejudice.

### 2. Malicious Prosecution

Probable cause also precludes a malicious prosecution claim. *See Bernard*, 25 F.3d at 104. To state such a claim, a plaintiff must allege that: (1) the defendant carried out a criminal proceeding against him; (2) the proceeding terminated in the plaintiff's favor; (3) there was no probable cause for the proceeding; and (4) the defendant initiated the proceeding out of malice. *Id.* A grand jury indictment creates a presumption of probable cause in malicious prosecution actions. *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003). This presumption may be rebutted by evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Boyd v. City of New York*, 336 F.3d 72, 83 (2d Cir. 2003). Courts routinely dismiss malicious prosecution claims at the pleading stage for failing to allege sufficient facts to rebut the presumption of probable cause that a grand jury indictment creates. *Hadid v. City of New York*, 730 F. App'x 68, 74 n.1 (2d Cir. 2018) (summary order).

Plaintiff's malicious prosecution claim must be dismissed because his subsequent federal grand jury indictment[4] created a presumption of probable cause, and because he offers only one

---

[4] Plaintiff provides a federal criminal case number in his Amended Complaint (ECF No. 20 at 5-6) that relates to the arrest at issue and charged Plaintiff with Possession with Intent to Distribute Cocaine Base. *See* Case # 16-CR-74-

7

vague and conclusory allegation that Officer Beyer and Captain Beyer lied at a court proceeding. Plaintiff does not suggest that his indictment was procured by Defendants' alleged perjury or that they acted with malice in any way. Accordingly, the Court dismisses Plaintiff's malicious prosecution claim with prejudice.

### C.    Failure to Protect

The Court liberally construes the Amended Complaint to assert that certain Defendants did not intervene to stop the alleged violations of Plaintiff's constitutional rights.

"It is widely recognized that all law enforcement officials have an affirmative duty to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (collecting cases). An officer who "observes or has reason to know" of a violation of a plaintiff's constitutional rights by other officers, and who fails to intervene, is "liable for the preventable harm" to that plaintiff. *Id.* This affirmative duty exists if the officer is aware that: (1) excessive force is being used; (2) a citizen has been unjustifiably arrested; or (3) law enforcement has committed any constitutional violation. *Id.* (citations omitted).

Plaintiff's failure to protect claim must be dismissed because he does not allege that any Defendant failed to intervene in preventing violations of his constitutional rights by the others, including Officers Hy and Beyer's use of force. Plaintiff only alleges that Captain Beyer arrived at the scene later, and therefore she would not have had an opportunity to intervene in the alleged use of excessive force. Accordingly, Plaintiff fails to state a failure to protect claim and the Court dismisses it with prejudice.

---

LJV-MJR, ECF No. 10 (Superseding Indictment). Plaintiff was acquitted of this charge after a jury trial (Count I of the Superseding Indictment). *Id.* at ECF No. 85 (Jury Verdict).

### III. Motion to Appoint Counsel

Plaintiff has asked the Court to appoint him counsel. ECF No. 21. In deciding whether to do so, the Court must first consider whether Plaintiff's claims seem likely to be of substance. *See, e.g.*, *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

At this early stage of the case, where the Amended Complaint has not been served and Defendants have not responded to Plaintiff's allegations, the Court cannot discern whether Plaintiff's claims are likely to be of substance. Accordingly, the Court denies Plaintiff's request for counsel without prejudice as premature.

## CONCLUSION

Plaintiff's denial of medical care, false arrest, malicious prosecution, and failure to protect claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Captain Amber Beyer is dismissed from this case and the Clerk of Court will terminate her as a party to this action.

Plaintiff's excessive force claims against Officers Richard Hy and John Beyer may proceed, and the Clerk of Court will cause the United States Marshals Service to serve copies of the Summons, Amended Complaint, and this Order upon them without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the Court directs Hy and Beyer to respond to the Amended Complaint.

IT IS SO ORDERED.

Dated: August 2, 2019  
      Rochester, New York

                                                          _____  
                                                          HON. FRANK P. GERACI, JR.  
                                                          Chief Judge  
                                                          United States District Court