UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY RAMOS,

                              Plaintiff,                              <u>DECISION & ORDER</u>

              v.                                                      18-CV-6246FPG

RICHARD HY, Buffalo Police Officer, et al.,

                              Defendants.
_____


              On March 26, 2018, *pro se* plaintiff Gregory Ramos commenced this action

against the defendants pursuant to 42 U.S.C. § 1983, alleging that they used excessive force

during Ramos's arrest on August 14, 2015.  (Docket ## 1, 18, 23).  Currently pending before this

Court are motions filed by plaintiff seeking appointment of counsel and an extension of the

deadline for disclosure of experts.  (Docket ## 32, 42).

              It is well-settled that there is no constitutional right to appointed counsel in civil

cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether

or not to assign counsel include the following:

              1.       Whether the indigent's claims seem likely to be of
                       substance;

              2.       Whether the indigent is able to investigate the crucial facts
                       concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id*.  Plaintiff has not done so at this stage.  Moreover, the legal issues in this case do not appear to be complex.  Nor does plaintiff's case present any

special reasons justifying the assignment of counsel.  On this record, plaintiff's motion for the appointment of counsel **(Docket # 32)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

Plaintiff has also moved for an extension of the deadline "to diligently disclose a[n] expert witness list."  (Docket # 42).  Such an extension is unnecessary at this time because the Court's Scheduling Order dated June 30, 2020 provides a deadline of May 17, 2021, seven months from now, which should afford plaintiff ample time to disclose any experts he intends to use.  (*See* Docket # 28).  Although the reason for plaintiff's requested extension is unclear, it is possible that defendants have served discovery requests asking plaintiff to identify his experts now.  If that is the case, plaintiff need not do so now.  Rather, plaintiff is required to identify his experts by May 17, 2021, and need not do so earlier than that date.  Accordingly, plaintiff's motion for an extension of the deadline for expert identification **(Docket # 42)** is **DENIED without prejudice to renewal**.

**IT IS SO ORDERED**.

*s/Marian W. Payson*

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      October 28, 2020