UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY RAMOS,

                              Plaintiff,                      DECISION & ORDER

                                                                     18-CV-6246FPG

              v.

RICHARD HY, Buffalo Police Officer, and
JOHN BEYER, Buffalo Police Officer,

                              Defendants.
_____

          On March 26, 2018, *pro* se plaintiff Gregory Ramos commenced this action against defendants pursuant to 42 U.S.C. § 1983 alleging that they subjected him to excessive force.[1] (Docket ## 1, 20). Currently pending before this Court is plaintiff's motion to compel discovery responses by defendants. (Docket # 49). Plaintiff's motion to compel relates to a request for production of documents served on defendants.[2] (Docket ## 35, 49).

          Defendants oppose the motion on two independent grounds. (Docket # 51). First, they assert that the motion lacks the required certification that plaintiff made "sincere attempts to resolve the discovery dispute" before filing the motion. (*Id.* at 3 (citing L.R.Civ.P. 7(d)(3)); *see also* Fed. R. Civ. P. 37(a)(1) (requiring that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

---

[1] Ramos's complaint also asserted claims for denial of medical care, false arrest, malicious prosecution, and failure to protect, but those claims were dismissed by the district court. (Docket ## 20, 23).

[2] Defendants observe that Ramos never served them with a copy of the document requests, but instead filed them with the Court on August 19, 2020. (Docket ## 35; 51-1 at ¶ 10). Defendants responded to the requests on September 9, 2020. (Docket ## 36; 51-1 at ¶ 11). In his motion, Ramos also refers to "interrogatories" he claims to have served, but the docket does not reflect the service and filing of any interrogatories by Ramos as Local Rule 5.2(f) would require, and defendants have represented that they are "unaware of any outstanding interrogatories." (Docket # 51 at 5).

make disclosure or discovery in an effort to obtain it without court action")).  Second, defendants contend that the motion is in any event moot.  (Docket # 51).  According to defendants, they provided a timely written response to Ramos's demand for documents, and although they objected to some requests as overboard or irrelevant, they nonetheless produced documents responsive to the requests.  (Docket ## 51 at 5; 51-1 at ¶¶ 11-12, 15).

       Review of the docket suggests that Ramos attempted to identify the deficiencies he perceived in defendants' responses, but he sent his objections directly to the Court, rather than corresponding with counsel.[3]  (Docket ## 38-40).  There is no indication in the record that the parties conferred in an attempt to resolve the deficiencies about which Ramos now complains.  Ample authority supports the proposition that the absence of the required certification alone may justify denial of the motion to compel.  *See*, *e.g.*, *Rech v. Monroe Cnty.*, 2020 WL 5027545, *5 (W.D.N.Y. 2020) (denying motion to compel where moving papers did not contain certification required by Rule 37(a)(1)); *Daniels v. Murphy*, 2012 WL 5463072, *4 (D. Ct. 2012) ("plaintiff has not included a certification that he made an effort to resolve the dispute pertaining to his request for production of . . . [the] file prior to filing the motion . . . [and thus] has not satisfied Federal Rule 37(a)(1)[;] [a]ccordingly, the motion to compel is denied without prejudice").  On this basis, the Court denies Ramos's motion to compel without prejudice to renewal and directs the parties to confer in a good faith attempt to resolve any outstanding issues prior to seeking Court intervention.  Ramos is cautioned that he must communicate directly with counsel for defendants, not the Court.

---

    [3] Ramos's submissions suggest that his failure to serve defendants with his discovery demands, responses, and objections to defendants' responses stems from his misunderstanding of the Local Rules.  Although Ramos is correct that Local Rule 5.2(f) requires discovery materials be filed with the Court, that rule does not excuse Ramos from the requirements of Rule 5 of the Federal Rules of Civil Procedure, which require Ramos to serve any discovery demands on defendants' counsel.  *See* Fed. R. Civ. P. 5(a)(1)(C); 5(b)(1).

Although I determine that the issues raised in the pending motion are not ripe for determination, in an effort to assist the parties with their conferral obligation, the Court has reviewed Ramos's submissions and defendants' written discovery responses. (Docket ## 36; 38-40; 49; 54). Although not entirely clear, those submissions suggest that Ramos objects to defendants' failure to produce their disciplinary records relating to excessive force, failure to produce the booking photograph taken of Ramos after the incident from which his claims for excessive force arise, and failure to identify the booking officer. (Docket # 38).

With respect to defendants' disciplinary histories, Ramos maintains that such records are discoverable, particularly after the repeal of Section 50-a of the New York Civil Rights Law. (Docket ## 40; 49 at 2-3; 54 at 3). In response to Ramos's request for those records, defendants objected to any disclosure on the basis of a temporary restraining order issued by Erie County Supreme Court Justice Frank A. Sedita, III, on July 24, 2020. (Docket # 36 at 6, 9-11). The Court notes that the temporary restraining order was vacated by Justice Sedita on October 9, 2020. *See Buffalo Police Benevolent Assoc. v. Brown*, 69 Misc.3d 998, 1004 (N.Y. Sup. Ct. 2020). With respect to Ramos's booking photograph, it appears that defendants provided a copy of the photograph when they supplemented their discovery responses on September 18, 2020. (Docket # 37 at 2). Finally, regarding the identity of the officer who completed his booking, defendants' response indicates that the answer may be found in documents they produced bearing identification ## COB 001 and COB 064. (Docket # 36 at 7). This Court's review of those documents suggests that defendants are correct. (Docket ## 31 at 6 (COB 001) and 69 (COB 064)).

Ramos also seeks costs in connection with his motion. (Docket # 49). Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the

3

"requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts are afforded broad discretion in imposing sanctions. *Corp. of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 642 (1976)). A request for fees may be denied where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As an initial matter, the Court's denial of Ramos's motion on the grounds that he has not demonstrated that he made a good faith effort to resolve the disputes prior to filing the motion disentitles him to costs. Ramos also has failed to demonstrate any costs associated with his motion. Accordingly, that portion of Ramos's motion seeking costs is denied. *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).

## CONCLUSION

For the reasons discussed, plaintiff's motion to compel **(Docket # 49)** is **DENIED without prejudice**. Ramos must first confer with defendants' counsel in good faith to try to resolve any disputes before filing another motion to compel.

**IT IS SO ORDERED.**

                                                             *s/Marian W. Payson*
                                                              MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
         February 18, 2022