UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY RAMOS,

                               Plaintiff,                        Case # 18-CV-6246-FPG

v.                                                                     DECISION AND ORDER

RICHARD HY, *et al.*,

                              Defendants.

## INTRODUCTION

Plaintiff Gregory Ramos brings this civil rights action related to his August 2015 arrest. As a result of a screening order issued under 28 U.S.C. § 1915(e), the only remaining claim is one arising under 42 U.S.C. § 1983 for alleged excessive force perpetrated by Defendants Richard Hy and John Beyer, two police officers with the Buffalo Police Department. ECF No. 23. Currently before the Court is Defendants' motion for summary judgment. ECF No. 56. Plaintiff opposes the motion. ECF No. 58. For the reasons that follow, Defendants' motion is DENIED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

The following facts are taken from the summary-judgment record. On August 14, 2015, at approximately 4:30 P.M., Officers Hy and Beyer were on patrol together near Plymouth Avenue in Buffalo. Plaintiff was driving in the vicinity at the same time. The officers aver that they attempted to pull over Plaintiff's vehicle after they observed him run a stop sign.[1] *See* ECF No. 56 at 7. The parties agree that Plaintiff did not pull over but instead attempted to flee from police. *See id.*; ECF No. 58 at 2. At some point during the chase, Plaintiff "bailed from [his] vehicle" and fled on foot. ECF No. 58 at 2. Defendants exited their patrol vehicle and pursued Plaintiff.

The parties' versions of events diverge more significantly at this point. Officer Beyer claims that he caught up to Plaintiff and tackled him as he was attempting to run away. *See* ECF No. 56 at 8. Officer Beyer "pinned" Plaintiff to the ground on his stomach, while Officer Hy "grabbed [P]laintiff's arms, moved them behind his back, and applied handcuffs." *Id.* Defendants aver that, thereafter, Plaintiff was "taken into custody without further incident." *Id.* at 5, 8.

Plaintiff offers a different narrative in his sworn declaration. *See* ECF No. 58. He asserts that when he fled on foot, he jumped over a fence. Once over, Plaintiff noticed that Officer Beyer had also cleared the fence, at which time Plaintiff "put [his] hands up." ECF No. 58 at 2. Plaintiff

---

[1] In his opposition filings, Plaintiff does not specifically deny Defendants' assertion that he ran the stop sign at the intersection of School Street and Plymouth Avenue, as Defendants claim. *See* ECF No. 58 at 2; ECF No. 62. Rather, he seems to suggest that, prior to the stop sign, Defendants were "target[ing]" him, which justified his flight. *See* ECF No. 58 at 2 (stating that Defendants were trailing behind him before he reached School Street; that he knew they "wanted to target [him]"; and that he became "fearful of [his] safety" once he saw the cruiser's "sirens," which is when he "tried to escape"); *see also* ECF No. 20 at 5 (alleging that Defendants "followed me for two blocks, then turned the patrol sirens on, [and] in fear of my life I tried to avoid [the] patrol car"). Therefore, for purposes of this motion, the Court treats as undisputed the assertion that Defendants observed Plaintiff run a stop sign, which precipitated the chase.

2

states that Officer Beyer "rushed [him]" and threw a "right overhand punch" before tackling him to the ground. *Id.* When Officer Hy caught up to the pair, he began "kicking" Plaintiff in the face. *Id.* The incident caused one of Plaintiff's teeth to chip and "busted up [his] face."[2] *Id.* Plaintiff was thereafter taken into custody.

In March 2018, Plaintiff, acting *pro se*, brought the present action. ECF No. 1. After screening, the only claim that remains is a Section 1983 claim for excessive force against Officers Hy and Beyer. *See* ECF No. 23.

## DISCUSSION

Defendants move for summary judgment on the excessive force claim. The Court concludes that there are genuine issues of material fact that preclude summary judgment—in particular, the amount of force used against Plaintiff at the conclusion of his flight from police. As a result, Defendants' motion is denied.

"The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness' standard." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (internal quotation marks omitted). "The proper application of this standard requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Outlaw v. City of Hartford*, 884 F.3d 351,

---

[2] Defendants contend that Plaintiff's declaration is inconsistent with his amended complaint, which, while also executed under penalty of perjury, "does not allege *any* injuries." ECF No. 61 at 2-3. On that basis, they argue that the Court should ignore Plaintiff's present claims of injury. The Court declines to do so. While Plaintiff may not have sufficiently pleaded his injuries in his amended complaint, the Court does not view that omission—especially given Plaintiff's *pro se* status—as an inconsistency. To the contrary, Plaintiff's allegations in the amended complaint are consistent with his present assertions. *See* ECF No. 20 at 5-6 (alleging that Defendants "viciously attacked" him, that he requested medical attention at the scene, that he "screamed for help" after the attack); ECF No. 58 at 2.

366 (2d Cir. 2018) (internal quotation marks omitted).  At its most basic, this standard prohibits a government officer from "employing a degree of force beyond that which is warranted by the objective circumstances of an arrest."  *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019).  But "[e]ven where an officer is found to have used excessive force, [] the doctrine of qualified immunity will shield that officer from liability for damages if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Outlaw*, 884 F.3d at 366 (internal quotation marks and brackets omitted).

In this case, the parties dispute the central facts relevant to Plaintiff's claim: the amount of force used against Plaintiff by Defendants.  Defendants assert that in seizing Plaintiff, Officer Beyer "tackled [P]laintiff to the ground" as Plaintiff was fleeing, and that Officer Beyer then pinned Plaintiff to the ground while Officer Hy grabbed Plaintiff's arms and applied handcuffs.  *See* ECF No. 56 at 8.  By contrast, Plaintiff alleges that, *after* he had already surrendered to Defendants by putting his hands up, Officer Beyer punched him in the face and tackled him to the ground, before Officer Hy kicked him in the face.  *See* ECF No. 58 at 2.

These disputes of fact preclude summary judgment in Defendants' favor.  *See, e.g.*, *Scoma v. City of New York*, No. 16-CV-6693, 2021 WL 230295, at *13 (E.D.N.Y. Jan. 22, 2021).  A reasonable jury could find that Officer Beyer's and Officer Hy's uses of force—the punch and kicks, respectively—were unreasonable because, by that point, Plaintiff had surrendered and was no longer resisting arrest.  This is true regardless of Plaintiff's prior flight from police.[3]  *See Soto v. Gaudett*, 862 F.3d 148, 158 (2d Cir. 2017) ("Though [a] use of force may be reasonable against

---

[3] To be sure, police are not required, in all circumstances, to take a fleeing suspect's "apparent surrender at face value." *Johnson v. Scott*, 576 F.3d 658, 660 (7th Cir. 2009).  Because Defendants do not raise that argument, the Court need not address the matter at this time.

a suspect who is fleeing, it may be objectively unreasonable against that suspect when he has been stopped and no longer poses a risk of flight."); *Diaz v. City of Hartford Police Dep't*, No. 18-CV-1113, 2021 WL 1222187, at *5-6 (D. Conn. Mar. 31, 2021) (collecting cases); *see also Ridge v. Davis*, No. 18-CV-8958, 2022 WL 357020, at *8 (S.D.N.Y. Feb. 7, 2022) (same). And, accepting Plaintiff's narrative for purposes of this motion, Defendants would not be entitled to qualified immunity under those circumstances. *See Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d Cir. 2010); *see also, e.g.*, *Rogoz v. City of Hartford*, 796 F.3d 236, 248 (2d Cir. 2015) (excessive force for officer to jump on arrestee's back when arrestee was lying face down on his back without any show of resistance); *Garcia-Ortiz v. City of Waterbury*, No. 19-CV-426, 2020 WL 1660114, at *4 (D. Conn. Apr. 3, 2020) ("[N]o objective officer would think it reasonable to punch and kick an individual who is indicating surrender."). Accordingly, these disputes of fact preclude summary judgment in Defendants' favor.

Defendants respond that, regardless of the unreasonableness of their alleged conduct, summary judgment is appropriate because Plaintiff has failed to provide sufficient evidence of injury. *See* ECF No. 56 at 16. But in his declaration, Plaintiff makes clear that Defendants' use of force "busted up [his] face" and chipped his tooth. *See* ECF No. 58 at 2. Even if Plaintiff's injuries could be described as "very minimal," they may be sufficient to trigger liability. *Castro v. Cty. of Nassau*, 739 F. Supp. 2d 153, 176-77 (E.D.N.Y. 2010) (tight handcuffing, which left "imprints on [plaintiff's] wrists" and caused them to become "red and sore," sufficient to undergird excessive force claim); *see also Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987) (excessive force causing bruises that lasted a "couple weeks" sufficient to support claim); *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 267 (S.D.N.Y. 2013) ("While not every push or shove permits a Fourth Amendment claim to survive summary judgment, bruising and other nonpermanent injuries may

5

be sufficient." (internal quotation marks omitted)).  Indeed, the Second Circuit has "never held that a court may grant summary judgment to officers on an excessive force claim merely because the injuries were minor even where the force was unreasonable."  *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 150 (2d Cir. 2021).  Defendants' observation that Plaintiff has not provided any supporting medical records does not change the calculus: the Second Circuit has also held that the absence of medical treatment "is not fatal" to an excessive force claim.  *Robison*, 821 F.2d at 924; *see also Jennings v. Decker*, No. 17-CV-54, 2021 WL 3471557, at *9 (N.D.N.Y. Aug. 6, 2021) (rejecting argument that summary judgment was appropriate where "Plaintiff's medical records do not show proof of a complaint or treatment for injury").  Therefore, via his sworn declaration, Plaintiff has provided sufficient evidence of injury, and summary judgment is not appropriate on that basis.

Defendants are not entitled to summary judgment on any of the grounds they raise.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 56) is DENIED.  By separate order, the Court will schedule a status conference to hear about the progress of this action.

IT IS SO ORDERED.

Dated: May 16, 2022
   Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York