UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY RAMOS,

                              Plaintiff,

      v.

RICHARD HY, Buffalo Police Officer, et al.,

                              Defendants.
_____

DECISION & ORDER

18-CV-6246FPG

        Pending before the Court is a second motion filed by *pro se* plaintiff Gregory Ramos seeking an order compelling defendants to produce certain documents that he requested in a written Request for Production served in August 2020 (the "RFP"). (Docket ## 35, 70). For the reasons explained herein, the Court grants in part and denies in part Ramos's motion.

        Defendants timely responded to the RFP in September 2020, asserting numerous boilerplate general objections, as well as some specific objections, to the six particular requests. (Docket # 36). Dissatisfied by defendants' responses, plaintiff filed a motion to compel on May 24, 2021. (Docket # 49). As the Court noted, although Ramos attempted to identify the deficiencies he perceived in defendants' responses, he sent his objections directly to the Court, rather than communicating with opposing counsel about the issues. (Docket # 63 at 2). Because the record did not demonstrate that Ramos had actually conferred with opposing counsel before filing the motion, as he was required to do pursuant to Fed. R. Civ. P. 37(a)(1), the Court denied Ramos's motion without prejudice. (*Id.* at 4). The last sentence of the Court's decision reminded Ramos that "[he] must first confer with defendants' counsel in good faith to try to resolve any disputes before filing another motion to compel." (*Id.*).

The following month Ramos sent a letter to opposing counsel identifying four categories of documents he sought from defendants. (Docket # 64 at 3). His letter explicitly stated that it was an attempt to resolve disputes relating to his RFP, and defendants appropriately treated Ramos's letter as a conferral attempt. (*Id.* at 1-3). They responded to him by letter dated March 8, 2022. (*Id.* at 1). They declined to produce any additional documents, although they noted that they had previously produced documents responsive to the fourth category requested (towing company reports) and enclosed copies of those previously-produced documents. (*Id.* at 1, 4-6). With respect to the other categories of documents, defendants objected to producing grand jury testimony on the grounds that they did not have copies of grand jury transcripts and that, in any event, grand jury proceedings are secret. (*Id.* at 1). Defendants objected to providing disciplinary records of the two defendants on the basis that Ramos had "no right to discovery of irrelevant or unsubstantiated disciplinary reports." (*Id.*). As to Ramos's final request for "production of Angry Cops accounts Posts for Beyer & Hy," defendants objected on the grounds that the request did not "describe the documents sought with reasonable particularity." (*Id.*).

Over three months later, Ramos filed the pending motion to compel. (Docket # 70). Ramos argues that the documents defendants have declined to produce are relevant and that defendants' objections should be overruled. (*Id.*). Defendants' opposition noted their objections and added the following information to their prior responses:

> Upon information and belief, the defendants were not disciplined by the Buffalo Police Department for their conduct in connection with the subject incident.

(Docket # 73 at ¶¶ 9, 13). As to other disciplinary records, defendants maintained that they were not relevant "to whether the force used to effect plaintiff's arrest was reasonable." (*Id.* at ¶ 14).

I disagree. Although I find the request overbroad to the extent that it seeks disciplinary records for any purported misconduct or infractions – not just those relating to claims of excessive force – regardless of whether the complaints or claims were found to be substantiated, an appropriately tailored request for records relating to discipline imposed for defendants' use of excessive force is relevant to the claim at issue in this case. *See Wright v. Goord*, 2008 WL 2788287, *3 (W.D.N.Y. 2008) (limiting production to disciplinary action taken against defendants for conduct similar to that alleged in complaint). Accordingly, I direct defendants to produce to Ramos copies of records reflecting any discipline imposed on defendant Hy and defendant Beyer for use of excessive force for the three years preceding August 14, 2015. Such records should be produced on or before **January 31, 2023**.

With respect to Ramos's request for production of "Angry Cops account[] posts for Beyer [and] Hy," I find that, when read together to the original RFP (*see* Docket # 35 at 1), the request is not inscrutable. Ramos seeks documents reflecting any postings by the defendants to an "Angry Cops" social media account on the day of "the incident," presumably, his arrest by defendants on August 14, 2015. Although such a request appears overbroad, any postings by defendants to a social media account that reference or relate to the plaintiff or his arrest may well be relevant. Counsel for defendants should confer with his clients to determine whether they made any such postings to an "Angry Cops" social media account. If so, they must produce them to Ramos by no later than **January 31, 2023**.

Defendants appear to have provided the towing company records that Ramos also seeks, so court intervention as to that issue is not necessary. As for the request for production of grand jury testimony, defendants state that they do not possess copies of grand jury testimony. Defendants cannot be compelled to provide that which they do not possess. *See Myers v. Dolac*,

2011 WL 4553107, *4 (W.D.N.Y. 2011) ("this [c]ourt cannot compel production of that which defendants do not possess").

Accordingly, for the reasons explained more fully above, Ramos's motion to compel **(Docket # 70)** is **GRANTED in part and DENIED in part**. Defendants shall produce any additional responsive documents by no later than **January 31, 2023**.

**IT IS SO ORDERED.**

                                                                                              *s/Marian W. Payson*
                                                                                               MARIAN W. PAYSON
                                                                           United States Magistrate Judge

Dated:  Rochester, New York
          January 9, 2023