UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=================================
GREGORY RAMOS,

                                                              18-cv-6246-FPG-MWP

                        Plaintiff,

        v.

RICHARD HY
and JOHN BEYER,

                        Defendants.
=================================

## DEFENDANTS' PRETRIAL SUBMISSIONS

### 1.     *Voir Dire* Information

A.    The plaintiff brought this civil rights action stemming from his arrest
      on August 14, 2015 after he led the defendant police officers on a
      pursuit that began when the plaintiff fled from a traffic stop and ended
      when the plaintiff crashed his vehicle and attempted to flee on foot.

      The Court screened the plaintiff's amended complaint and dismissed all
      of the plaintiff's claims except his claim for excessive force brought
      pursuant to 42 U.S.C. §1983 against the officers.

      The officers contend that the force used to effect the plaintiff's arrest
      was objectively reasonable. But even if the force used could arguably be
      viewed as objectively unreasonable, the officers should have qualified
      immunity because qualified immunity protects police officers from the
      sometimes hazy border between excessive and acceptable force.

B.    David M. Lee
      Assistant Corporation Counsel
      of Counsel to Cavette A. Chambers,
       Corporation Counsel
      City of Buffalo Department of Law
      65 Niagara Square
      1114 City Hall
      Buffalo, New York 14202

3

C.    Richard Hy
      68 Court Street
      Buffalo, New York 14202

      John Beyer
      68 Court Street
      Buffalo, New York 14202

4

D.

    (1)    Buffalo Police Officers Richard Hy and John Beyer

    (2)    Buffalo Police Department

    (3)    68 Court Street
            Buffalo, New York 14202
            (716) 851-4444

    (4)    Witnesses to the incident

E.

1.    There have been stories on the news lately about police officers using excessive force. Do you find that these stories are so disturbing that it would be difficult for you to believe that the police officers acted reasonably in the present case? Would you hold the recent images in the media of police brutality against the officers in this case? Or could you put those images aside and arrive at a verdict based strictly on the evidence received at this trial?

2.    Do you believe that an officer is never justified in using any degree of force to effect an arrest?

3.    Have you, or has anyone close to you been accused or convicted of committing a crime?

4.    Have you, or has anyone close to you formed a negative opinion about law enforcement?

5.    Do you have any negative opinions or feelings about the City of Buffalo?

6.    Have you, or has anyone close to you been treated badly or unfairly by law enforcement?

7.    Is there any reason that you cannot evaluate a police officer's testimony for truthfulness and accuracy the same way you would evaluate the testimony of any other witness?

8.    Have you, or has anyone close to you been a plaintiff in a civil lawsuit seeking money?

9.    If you are employed, what type of work to you do, or if you are retired, what type of work did you do?

10.    How do you spend your spare time?

11.    How many years did you attend school? What degrees do you have?

12.    Would anything prevent you from rendering a verdict without regard to race, color, or ethnicity?

## 2.    Exhibits

A.    The defendants' exhibit list is attached hereto as Exhibit A.

Together with these pretrial submissions, exhibit books containing bates-stamped documents COB 001-0068 are being mailed to the plaintiff (1 binder) and to the Court (2 binders).

The defendants reserve the right to introduce other exhibits at trial solely for impeachment purposes, if necessary.

## 3.    Undisputed Facts and Stipulations

The defendants believe that the following facts are undisputed. On the afternoon of August 14, 2015, Officers Hy and Beyer were on patrol together near Plymouth Avenue in Buffalo. The plaintiff was driving in the vicinity at the same time. The officers attempted to stop the plaintiff's vehicle after they observed him run a stop sign. The plaintiff did not pull over and instead attempted to flee from police. During the chase, after the plaintiff crashed his vehicle, the plaintiff bailed from his vehicle and fled on foot. The officers exited their patrol vehicle, pursued the plaintiff, and took him into custody.

There are no proposed stipulations of fact or testimony.

## 4.    Statement of Claims to be Pursued at Trial

The plaintiff, acting *pro se*, brought the present action. After screening, the only claim that remains is a Section 1983 claim for excessive force against the officers. Dkt. 23. The officers have not asserted any counterclaims.

## 5.    Damages

The defendants do not claim any damages.

## 6.    Expert Testimony

The defendants do not intend to offer any expert testimony at trial.

## 7.    Deposition Testimony

The defendants do not intend to use any deposition testimony at trial.

### 8.    Legal/Evidentiary Issues and Motions *in Limine*

The defendants do not foresee any significant issues of law or unusual questions relative to the admissibility of evidence, trial procedure, or substantive issues.

At least one week before the pretrial conference scheduled for September 21, 2023 at 11:00 a.m., the defendants will likely file a motion *in limine* regarding the officers' disciplinary histories and other lawsuits.

### 9.    Jury Instructions

If the jury decides that the officers used excessive force against the plaintiff, the officers may still be protected from liability by the doctrine of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 204 (2003) ("The inquiries for qualified immunity and excessive force remain distinct"); *Henry v. Dinelle*, 929 F.Supp.2d 107, 123 (N.D.N.Y. 2013) ("it is well settled that a defendant may be entitled to qualified immunity even where he has used excessive force") (collecting cases), *aff'd*, 557 F.App'x 20 (2d Cir. 2014).

The jury, however, should not be instructed on the doctrine of qualified immunity because whether qualified immunity precludes the plaintiff's excessive force claim against the officers is a legal question for the Court to decide, based on the jury's resolution of factual disputes. *See Cowan ex rel. Est. of Cooper v. Breen*, 352 F.3d 756, 764-65 (2d Cir. 2003). To this end, the defendants reserve the right to request that interrogatories be presented to the jury on any key factual disputes that occur during trial.

Dated:    Buffalo, New York
          September 7, 2023

Respectfully submitted,

Cavette A. Chambers
Corporation Counsel
Attorney for Defendants

By:    s/David M. Lee
       Assistant Corporation Counsel
       City of Buffalo Dept. of Law
       65 Niagara Sq., 1114 City Hall
       Buffalo, New York 14202
       (716) 851-9691
       dlee@city-buffalo.com

7

## Certificate of Service

I certify that on September 7, 2023, I caused these pretrial submissions and the defendants' exhibit book to be served upon the plaintiff by regular mail addressed to:

Gregory Ramos
26892-055
CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 18472

Dated:      Buffalo, New York
            September 7, 2023

s/David M. Lee

8